UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VICTOR AND ANGELA PEREZ,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>U.S. BANK,<br><br>　　　　　　　　Defendant. | NO: 2:15-CV-0114-TOR<br><br>ORDER RE: DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant U.S. Bank's Motion to Dismiss. (ECF No. 18). The motion was submitted for consideration without oral argument. Defendant U.S. Bank is represented by Andrew H. Salter. Plaintiffs Victor and Angela Perez are proceeding *pro se* and *in forma pauperis*. The Court has reviewed the motion and the file therein and is fully informed.

BACKGROUND

Plaintiffs filed a Complaint against U.S. Bank on May 19, 2015. ECF No. 11. U.S. Bank filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on August 5, 2015. ECF No. 18.

ORDER RE: DEFENDANT'S MOTION TO DISMISS ~ 1

DISCUSSION

A complaint fails to state a claim upon which relief may be granted if it lacks a cognizable legal theory or lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (as amended), abrogated on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiffs' Complaint does not state a cognizable legal theory, i.e., short plain statements showing the court's jurisdiction and the grounds for relief. *See* Fed. Rule Civ. Pro. 8(a). ). To state a proper claim, a complaint must also contain (1) a statement of the ground(s) upon which the court may exercise subject-matter jurisdiction; (2) a "short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) a demand for relief. Fed. R. Civ. P. 8(a)(1)-(3). To satisfy Rule 8(a)(2)'s "short and plain statement" requirement, the plaintiff must plead more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation and citation omitted).

In their Complaint, Plaintiffs allege Defendant "changed loan contract without our knowledge, loan proceeds authorized by loan officer to an account inaccessible to us, no record of direct deposit requested by US Bank." ECF No. 11 at 1.

The Court finds these allegations insufficiently detailed to state a claim upon which relief may be granted. In their present form, Plaintiffs' allegations amount to "unadorned, the defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S.

ORDER RE: DEFENDANT'S MOTION TO DISMISS ~ 2

at 662.  There are no facts pled from which the Court could begin to evaluate the merits of their claims.  If Plaintiffs wish to pursue these claims, they must explain, in *specific factual detail*: (1) how and when U.S. Bank and Plaintiffs entered into a loan contract; (2) the terms of the contract at issue; and (3) the circumstances under which U.S. Bank allegedly changed the loan contract without Plaintiffs' knowledge.  Furthermore, the Complaint fails to establish the jurisdiction of this Court.

OPPORTUNITY TO AMEND

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).  Plaintiffs may submit an amended complaint within **thirty (30) days** of the date of this Order which includes sufficient facts to establish federal subject-matter jurisdiction.  *Broughton v. Cutter Labs*, 622 F.2d 458, 460 (9th Cir. 1980) (citations omitted).

Plaintiffs' amended complaint shall consist of a **short** and **plain** statement showing they are entitled to relief.  Plaintiffs shall allege with specificity the following:

(1)  the names of the persons who caused or personally participated in causing the alleged harm,

(2)  the dates on which the conduct of Defendant allegedly took place, and

ORDER RE: DEFENDANT'S MOTION TO DISMISS ~ 3

(3) the specific conduct or action Plaintiffs allege occurred.

Furthermore, Plaintiffs shall set forth their factual allegations in separate numbered paragraphs. THIS AMENDED COMPLAINT WILL OPERATE AS A COMPLETE SUBSTITUTE FOR (RATHER THAN A MERE SUPPLEMENT TO) THE PRESENT COMPLAINT. The amended complaint must be legibly rewritten or retyped in its entirety, should be an original and not a copy, may not incorporate any part of the original complaint by reference, and **MUST BE CLEARLY LABELED THE "FIRST AMENDED COMPLAINT" with cause number 15-CV-0114-TOR written in the caption.**

**PLAINTIFFS ARE CAUTIONED IF THEY FAIL TO AMEND WITHIN 30 DAYS AS DIRECTED, THE COURT WILL DISMISS THIS ACTION FOR FAILURE TO STATE A CLAIM.**

Within thirty (30) days of the date of this Order, Plaintiffs may file a First Amended Complaint. Absent timely compliance with this Order, this action will be dismissed without further notice.

///

///

///

///

ORDER RE: DEFENDANT'S MOTION TO DISMISS ~ 4

1  **ACCORDINGLY, IT IS HEREBY ORDERED:**

2  Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 18) is

3  **GRANTED.** Plaintiffs' Complaint (ECF No. 11) is **DISMISSED WITH LEAVE**

4  **TO AMEND** within **30 days** of the date of this order.

5  The District Court Executive is hereby directed to enter this Order and furnish

6  copies to the parties.

7  **DATED** October 7, 2015.



THOMAS O. RICE
United States District Judge

ORDER RE: DEFENDANT'S MOTION TO DISMISS ~ 5