1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7   VICTOR AND ANGELA PEREZ,

                              Plaintiffs,          NO:  2:15-CV-0114-TOR

8

9        v.                                        ORDER DENYING DEFENDANT'S
                                                   MOTION TO DISMISS

10  U.S. BANK,

11                            Defendant.

12        BEFORE THE COURT is Defendant U.S. Bank's Motion to Dismiss for

13  Failure to State a Claim.  (ECF No. 26).  The motion was submitted for consideration

14  without oral argument. Defendant U.S. Bank is represented by Andrew H. Salter.

15  Plaintiffs Victor and Angela Perez are proceeding *pro se* and *in forma pauperis.*  The

16  Court has reviewed the motion and the file therein and is fully informed.

17                          **BACKGROUND**

18        On May 19, 2015, Plaintiffs filed a Complaint against U.S. Bank. ECF No.

19  11.  On August 5, 2015, U.S. Bank filed a motion to dismiss.  ECF No. 18.  On

20  October 7, 2015, this Court granted U.S. Bank's motion to dismiss and provided

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 1

Plaintiffs leave to amend.  ECF No. 24.  The Court found Plaintiffs did not state a cognizable legal theory or establish the jurisdiction of this Court.  *Id.*  at 2-3.

On November 2, 2015, Plaintiffs filed a First Amended Complaint, alleging various claims against U.S. Bank.  ECF No. 25.

U.S. Bank filed the instant motion on December 13, 2015.  ECF No. 26.  U.S. Bank argues Plaintiffs' Amended Complaint still fails to establish this Court's jurisdiction and that all claims asserted by Plaintiffs are barred by the applicable statute of limitations.  *Id.* at 3-4.  Plaintiffs responded in opposition.  ECF No. 27.  U.S. Bank replied.  ECF No. 28.

### STANDARD OF REVIEW

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, a plaintiff must allege "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "In conducting this review, we accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff." *AE ex rel Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 2

"A district court may dismiss a claim if the running of the statute is apparent on the face of the complaint." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (internal quotation marks and brackets omitted). "However, a district court may do so only if the assertions of the complaint read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.*

## FACTS[1]

Plaintiffs' claims stem from a February 2006 mortgage transaction concerning real property located in Adams County, Washington.  ECF No. 25 at ¶¶ 1-2.  The transaction involved a loan in an unspecified amount from U.S. Bank to Plaintiffs.  *Id.*

At the time of this transaction, Plaintiffs owned two parcels of land. Plaintiffs claim that at the loan signing a U.S. Bank loan officer "asked which property we were wanting to mortgage" and Plaintiffs identified just a single parcel.  *Id.* at ¶ 19.

During the transaction, Plaintiffs assert that U.S. Bank requested Plaintiffs purchase both home and flood insurance and mortgage insurance.  *Id.*  Plaintiffs

---

[1] The following facts are drawn from the Amended Complaint and accepted as true for the instant motion.

1   were told the mortgage insurance would serve as "protection in case one of us

2   getting sick or ending up in the hospital" and that "it would cover up to 6 months."

3   *Id.* at ¶ 2.  Plaintiffs claim to have purchased both types of insurance.

4        Also at the request of U.S. Bank, Plaintiffs opened two bank accounts at

5   U.S. Bank.  Plaintiffs explain that one account was "for direct deposit to make sure

6   our payments were paid in time to avoid penalties and late fees" and the other

7   account "would be our back up account."  *Id.* at ¶ 1.

8        In November 2006, Plaintiffs allege U.S. Bank inexplicably closed their two

9   accounts and returned funds Ms. Perez's employer attempted to deposit into one

10  account.  *Id.* at ¶¶ 4-5.

11       Plaintiffs further allege U.S. Bank falsely reported to a credit bureau that

12  they failed to pay a number of monthly loan payments from December 2006

13  through 2013.  *Id.* at ¶¶ 7-12, 14-18.  Plaintiffs acknowledge that some of these

14  loan payments were not paid, but contend U.S. Bank did not credit Plaintiffs for

15  payments that they did make during this time period.  *Id.*

16       In January 2010, Plaintiffs attempted to apply for benefits under their

17  mortgage insurance.  On January 7, 2010, Mr. Perez was hospitalized due to an

18  illness.  *Id.* at ¶ 13.  He was released from the hospital on January 12, 2010.  *Id.*

19  Thereafter, he "was taken off work for 6 months."  *Id.*  At that time, Plaintiffs

20

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 4

requested information from U.S. Bank regarding coverage by their mortgage

insurance and did not receive a response.  *Id.*

In 2013, U.S. Bank initiated foreclosure proceedings against Plaintiffs'

property.  *Id.* at ¶¶ 19-20.  Plaintiff allege U.S. Bank fraudulently altered their loan

contract in order to foreclose upon their two parcels of land, not just the single

piece of property Plaintiffs claim was subject to the mortgage.  *Id.*  Plaintiffs

further allege they "should not have gone into foreclosure at all" if U.S. Bank

accounted for all of the payments they made, and seek damages, including at least

$100,000 for pain and suffering.  *Id.* at ¶¶ 20, 21-5.

## DISCUSSION

### 1.  Federal Jurisdiction

As a preliminary matter, U.S. Bank argues Plaintiffs have failed to allege a

basis for federal jurisdiction as required by Federal Rule of Civil Procedure 8(a).

ECF No. 26 at 3-4.  Specifically, U.S. Bank asserts Plaintiffs have failed to

establish diversity of citizenship.  *Id.*  Plaintiffs did not address this argument in

their response.

 "It is a fundamental precept that federal courts are courts of limited

jurisdiction."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)

(limits on federal jurisdiction "must be neither disregarded nor evaded").  Federal

Courts "possess only that power authorized by Constitution and statute, which is

not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (2014) (internal citation omitted).  Courts must presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.* (internal citation omitted).

To overcome that presumption, the plaintiff must provide a statement of the grounds for the federal court's subject matter jurisdiction. Fed. R. Civ. P. 8(a) ("A pleading… must contain (1) a short and plain state of the grounds for the court's jurisdiction[.]").  Pursuant to federal statutes, a federal district court has subject matter jurisdiction over a case only if the complaint alleges a federal cause of action or the amount in controversy exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C §§ 1331, 1332(a).

Here, Plaintiffs' Amended Complaint alleges various claims against U.S. Bank.  The Amended Complaint does not, however, contain a "short and plain statement of the grounds for the court's jurisdiction" as required by Federal Rule of Civil Procedure 8(a)(1).  A review of the Amended Complaint does not reveal any basis for exercising federal subject matter jurisdiction over the case.  Pursuant to § 1332, Plaintiffs do allege a sufficient amount in controversy, but as U.S. Bank argues, they fail to allege jurisdictional facts establishing the parties' diversity of citizenship.  *See* 28 U.S.C. § 1332(a); § 1332(c)(1) (explaining for purposes of

determining diversity jurisdiction, a corporation is a citizen of both its state of incorporation and the state where it has its principal place of business).  Thus, U.S. Bank argues Plaintiffs' complaint should be dismissed.

However, "[u]nless is it absolutely clear that no amendment can cure the defect … a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  Here, it is clear that a simple amendment can cure the jurisdictional deficiency of Plaintiffs' Amended Complaint.  Accordingly, Plaintiffs' are afforded leave to amend within thirty (30) days of this order.

**2. Statute of Limitations**

Next, U.S. Bank argues that Plaintiffs claims are barred by the applicable statute of limitations.  ECF No. 26 at 4.  In support, U.S. Bank argues that Plaintiffs allege a breach of contract claim commencing in November 2006, over nine years ago, and that the applicable six year statute of limitations established in RCW 4.16.040 bars these claims.  *Id.*  Further, U.S. Bank argues that any fraud claim is barred by the three year statute of limitations established in RCW 4.16.080.  ECF No. 28 at 2.

The Court disagrees that Plaintiffs' claims are all governed by Washington's contract and fraud statutes of limitations.  Rather, Plaintiffs' claims sound of violations of the Washington Consumer Protection Act ("CPA") amongst others.

The CPA declares unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. . . ." RCW 19.86.020.  The law provides a private right of action.  RCW 19.86.093.  To assert a citizen suit, a plaintiff must prove "(1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Panag v. Farmers Ins. Co. of Wash.*, 166 Wash.2d 27, 37 (2009) (en banc) (citing *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 784 (1986)).  Plaintiffs' Amended Complaint asserts U.S. Bank engaged in unfair and deceptive business practices.  Specifically, the gravamen of Plaintiffs' argument is that U.S. Bank unfairly foreclosed upon their property by (1) altering mortgage documents to show two parcels of property subject to the loan, (2) failing to credit Plaintiffs' account for payments made, (3) closing two of Plaintiffs' accounts without explanation, and (4) not allowing Plaintiffs' to access their mortgage insurance benefits.  Accordingly, the CPA governs some of Plaintiffs' claims.

The issue before the Court is whether any of Plaintiffs' claims are timely.  Under Washington law, a CPA claim "shall be forever barred unless commenced within four years after the cause of action accrues."  RCW 19.86.120.  "The general rule is that a cause of action accrues and the statute of limitations begins to run when a party has the right to apply to a court for relief." *Shepard v.*

*Holmes*, 185 Wash. App. 730, 739 (2014) (internal quotation marks and citation omitted).  "A party has the right to apply to a court for relief when the plaintiff can establish each element of the action."  *Id*. (internal quotation marks and citation omitted).

Here, Plaintiffs' CPA claims accrued and the statute of limitations began to run in 2013, when Plaintiffs' allege their injury occurred, namely when U.S. Bank foreclosed upon their property.  This is when Plaintiffs could apply to a court for relief and establish their alleged CPA claims.  *See id*. at 742 (explaining claims for violations of the CPA "require proof of both an unfair or deceptive act and a resulting injury") (internal quotation marks and citation omitted).  Because Plaintiffs filed the instant action in May 2015, their CPA claims are at least timely.  *See* RCW 19.86.120.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 26) is **DENIED.**  However, Plaintiffs' are afforded **LEAVE TO AMEND** within **30 days** of the date of this order.

Plaintiffs must file an amendment to their First Amended Complaint. Plaintiffs' amendment to their First Amended Complaint shall consist of a **short** and **plain** statement showing the diversity jurisdiction of the Court.  28 U.S.C. § 1332 requires *complete* diversity of citizenship; both plaintiffs must be a citizen of

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 9

a different state than the defendant.  Plaintiffs shall allege with specificity the

following:

> (1)  the Plaintiffs' state of citizenship, meaning where are they residing with the intent to be permanently domiciled; and

> (2)  the state of citizenship for U.S. Bank, meaning the state of its incorporation and the state where it has its principal place of business (if unknown, at minimum, Plaintiff must allege that U.S. Bank was not incorporated nor does it have it principal place of business in Washington).

This amendment may operate as a supplement to the First Amended Complaint.

This amendment must be legibly written or typed in its entirety, should be an

original and not a copy and **MUST BE CLEARLY LABELED "AMENDMENT**

**TO FIRST AMENDED COMPLAINT" with cause number 2:15-CV-0114-**

**TOR written in the caption.**

**PLAINTIFFS ARE CAUTIONED IF THEY FAIL TO AMEND**

**WITHIN 30 DAYS AS DIRECTED, THE COURT WILL DISMISS THIS**

**ACTION FOR FAILURE TO ESTABLISH THE JURISDICTION OF THE**

**COURT.**

The District Court Executive is hereby directed to enter this Order and furnish

copies to the parties.

**DATED** February 29, 2016.

THOMAS O. RICE
Chief United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 10